RENDERED:  APRIL 5, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1346-MR

DEMONTE WHITFIELD                                    APPELLANT

                 APPEAL FROM HARDIN CIRCUIT COURT
v.                HONORABLE KELLY M. EASTON, JUDGE
                 ACTION NO. 21-CR-01187

COMMONWEALTH OF KENTUCKY                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, GOODWINE, AND LAMBERT, JUDGES.

GOODWINE, JUDGE:  Demonte Whitfield ("Whitfield") appeals the October 31, 2022 judgment and sentence on verdict of the jury of the Hardin Circuit Court.  We affirm.

On November 24, 2021, Whitfield and his two brothers got into an altercation with Jermaine Huffman ("Huffman").  During the fight, a handgun fell out of Huffman's pocket.  Whitfield picked up the firearm.  Ultimately, he shot

Huffman four times, killing him. Whitfield shot Huffman with both his own firearm and Huffman's gun. One of Huffman's friends also shot Whitfield three times. At the scene, Whitfield dropped Huffman's gun. As he was running away, he tossed his own gun as well. Police officers later recovered Huffman's gun at the scene. Whitfield's gun was never found.

Whitfield was indicted on one count of murder[1] and one count of tampering with physical evidence.[2] Whitfield was tried by a jury. The jury was instructed on murder; lesser-included offenses, including first-degree manslaughter;[3] and the defense of self-protection. Relevant to this appeal, the jury was also instructed on tampering with physical evidence. The instruction read:

> You will find the Defendant guilty of Tampering with Physical Evidence under this Instruction if and only if, you believe from the evidence beyond a reasonable doubt all of the following:
>
> A. That in this county on or about November 24, 2021, and before the finding of the Indictment herein, he removed or concealed a gun (or guns) which he believed was about to be produced or used in an official proceeding as defined under Instruction No. 2 pertaining to the death of Jermaine Huffman;

---

[1] Kentucky Revised Statutes ("KRS") 507.020, a capital offense.

[2] KRS 524.100(1)(a), a Class D felony.

[3] KRS 507.030, a Class B felony.

AND

    B. That he did so with the intent to impair its availability in the proceeding;

AND

    C. That the gun (or guns) was physical evidence as defined in Instruction No. 2.

Record ("R.") at 55. The jury found Whitfield guilty of first-degree manslaughter and tampering with physical evidence. The trial court imposed the jury's recommended sentence of twelve-years' imprisonment for manslaughter and three-years' imprisonment for tampering with physical evidence, to run consecutively.

This appeal followed.

The sole issue on appeal is whether Whitfield's constitutional right to a unanimous verdict was violated by the jury instruction on tampering with physical evidence. Whitfield concedes that he did not preserve this issue for appellate review. He requests review for palpable error. RCr[4] 10.26. "[A] palpable error affecting the substantial rights of a party, even if insufficiently raised or preserved, is reviewable, and, upon a determination that it has resulted in manifest injustice, reversible." *Sexton v. Commonwealth*, 647 S.W.3d 227, 231 (Ky. 2022) (citation omitted). Manifest injustice requires the alleged error be "shocking or jurisprudentially intolerable" and must seriously affect the "fairness,

---

[4] Kentucky Rules of Criminal Procedure.

-3-

integrity, or public reputation of the proceeding[.]" *Id.* (citation omitted). Palpable errors are so severe that they "threaten a defendant's entitlement to due process of law." *Id.* at 232 (citation omitted).[5]

Under the Kentucky Constitution, verdicts must be unanimous in criminal trials by jury. *Hall v. Commonwealth*, 551 S.W.3d 7, 19 (Ky. 2018) (footnote omitted); *see also* KY. CONST. §7. "[J]uror unanimity means that jurors must agree upon the specific instance of criminal behavior committed by the defendant but they need not agree upon his means or method of committing the act or causing the prohibited result." *King v. Commonwealth*, 554 S.W.3d 343, 352 (Ky. 2018), *overruled on other grounds by Johnson*, 676 S.W.3d 405. Jurors need only to "end up in the same place." *Johnson v. Commonwealth*, 405 S.W.3d 439, 455 (Ky. 2013), *overruled on other grounds by Johnson*, 676 S.W.3d 405.

Herein, Whitfield argues the instruction on tampering with physical evidence violated his right to juror unanimity because it included two separate acts of potentially criminal conduct: (1) the disposal of his gun and (2) the disposal of the victim's gun. He claims there is no way to know whether the jurors were in agreement because some could have believed he tampered with one gun, others

---

[5] This is not a separate category of palpable error review but is "an explanation as to the degree of prejudice that must be demonstrated in order for a court to determine there is a substantial possibility a different result would have resulted but for the unpreserved error." *Johnson v. Commonwealth*, 676 S.W.3d 405, 417 (Ky. 2023) (internal quotation marks and citations omitted).

could have believed he tampered with the second gun, and still others could have believed he tampered with both.

Whitfield's argument is comparable to the one made by the defendant in *Brown v. Commonwealth*, 553 S.W.3d 826 (Ky. 2018). Therein, the jury was instructed on complicity-to-first-degree robbery. In relevant part, the jury was instructed to find the defendant guilty if they believed he, "alone or in complicity with another stole money or jewelry or car[.]" *Id*. at 838. The Supreme Court of Kentucky held jurors did not have to agree on which of the three items of property were stolen. *Id*. at 840. The Court held a "jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime." *Id*. at 839 (citing *Richardson v. United States*, 526 U.S. 813, 817, 119 S. Ct. 1707, 1710, 143 L. Ed. 2d 985 (1999)). The jury need only to agree that "*movable property* was taken" because this was the "factual element[] . . . listed in the statute that defines the crime." *Id*. at 840 (citation omitted). The jury was not required to identify the exact property taken by the defendant. *Id*.

Similarly, the statute for tampering with physical evidence does not require the identification of the exact evidence with which the defendant tampered.

A person is guilty of tampering with physical evidence when, believing that an official proceeding is pending or may be instated, he:

(a) Destroys, mutilates, conceals, removes or alters **physical evidence** which he believes is about to be produced or used in the official proceeding with intent to impair its verity or availability in the official proceeding[.]

KRS 524.100(1)(a) (emphasis added). Just as the jury in *Brown* agreed that movable property was stolen, the jury here needed only to unanimously find that physical evidence was concealed or removed. Identification of which of the two guns was tampered with by Whitfield is the type of underlying brute fact which makes up an element of the crime and must not be decided unanimously. *See Brown*, 553 S.W.3d at 840 (footnote omitted). Therefore, there was no violation of Whitfield's constitutional rights.

Whitfield further argues that his conviction for tampering with physical evidence is flawed because the Commonwealth did not present sufficient evidence that he concealed or removed Huffman's firearm.[6] Whitfield relies on *Commonwealth v. Bell*, 655 S.W.3d 132 (Ky. 2022), in support of this argument. The facts herein are easily distinguishable from *Bell*. Here, Whitfield dropped Huffman's handgun at the scene as he was fleeing. Law enforcement was not present. In *Bell*, the Supreme Court held:

---

[6] This argument was not preserved for appellate review. We review for palpable error under RCr 10.26.

> [w]here a defendant merely drops, throws down, or abandons drugs in the vicinity of the defendant and **in the presence and view of the police, and the officer can quickly and readily retrieve the evidence**, the criminal act of concealment or removal has not taken place.

655 S.W.3d at 135 (emphasis added) (quoting *Commonwealth v. James*, 586 S.W.3d 717, 731 (Ky. 2019)). The Court reaffirmed this holding in *Saxton v. Commonwealth*, 671 S.W.3d 1, 10 (Ky. 2022). In each of these cases, it was essential for the defendant to abandon the physical evidence in the presence of law enforcement and for officers to be able to quickly retrieve it. Here, even if we accept Whitfield's claim that he merely dropped Huffman's handgun at the scene, he did not do so in the presence of law enforcement. Therefore, his argument fails.

Based on the foregoing, the October 31, 2022 judgment and sentence on verdict of the jury of the Hardin Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Aaron Reed Baker
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Rachel A. Wright
Assistant Solicitor General
Frankfort, Kentucky